Michael J. Frevola
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFFS
DEX SERV LIMITED and ALLIANZ GLOBAL
CORPORATE & SPECIALTY AG f/k/a ALLIANZ
MARINE AND AVIATION VERSICHERUNGS AG

**07 CIV 9301**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEX SERV LIMITED and ALLIANZ GLOBAL
CORPORATE & SPECIALTY AG f/k/a ALLIANZ
MARINE AND AVIATION VERSICHERUNGS
AG,

Plaintiffs,

-against-

GOLTENS SHANGHAI CO., LTD. and
SHANGHAI GOLTENS MARINE MACHINERY
& MAINTENANCE CO., LTD.,

Defendants.

07 Civ. _____ (____)

**VERIFIED COMPLAINT**

---

Plaintiffs, Dex Serv Limited ("Dex") and Allianz Global Corporate & Specialty AG f/k/a

Allianz Marine and Aviation Versicherungs AG ("Allianz") (collectively "Plaintiffs"), by and

through their attorneys, Holland & Knight LLP, for their verified complaint against defendants,

Goltens Shanghai Co., Ltd. ("Goltens Shanghai") and Shanghai Goltens Marine Machinery &

Maintenance Co., Ltd. ("Goltens Marine") (collectively "Defendants"), allege, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    At all times material herein, plaintiff Dex was and is a business entity organized and existing under the laws of England and maintains a place of business at International House, 26 Creechurch Lane, London EC3A5BA, United Kingdom.

3.    At all times material herein, plaintiff Allianz was and is a business entity organized and existing under the laws of Germany and maintains a place of business at Koniginstrasse 28, 80802 Munich, Germany.

4.    Upon information and belief, at all times material herein, defendant Goltens Shanghai is a business entity organized and existing under the laws of the People's Republic of China ("PRC") with a registered address at Block No. 5, No. 533 Yuan Zhong Road, Nanhui Industrial Zone, Shanghai, PRC.

5.    Upon information and belief, at all times material herein, defendant Goltens Marine is a business entity organized and existing under the laws of the PRC with a registered address at Room 07B, Floor 7, Shen Neng International Building, No. 1 Fu Xing Zhong Road, Lu Wan District, Shanghai, PRC.

6.    Plaintiffs are the marine hull insurers of DS Schiffahrt GmbH ("Schiffarht") as the owner and/or manager and/or subsidiary and/or affiliated and/or associated company and/or bareboat charterer of the M/V CAPE BYRON ("Vessel"), with Dex and Allianz each assuming 50% of the risk with respect to damage to the "Hull and Machinery etc. and everything

2

connected therewith" of the Vessel. A true and correct copy of the Marine Insurance Cover Note, dated December 16, 2004, is attached hereto as Exhibit 1.

7.      Plaintiffs bring this claim as subrogees with regards to Schiffarht's claim against the Defendants regarding damages to the Vessel caused by Defendants.

8.      On or about May 27, 2005, Schiffahrt and one or both Defendants entered into a contract whereby Defendants would perform various repairs to the Vessel, which included overhauling the main engine followed by an inspection and engine trial in Shanghai ("Repair Contract"). A true and correct copy of the Repair Contract is annexed as Exhibit 2.

9.      The Repair Contract was subject to the "Standard Conditions for Delivery and Repair" ("Standard Conditions"), which are attached hereto as Exhibit 3.

10.     During the engine trial, the main engine upon which Defendants had performed repairs suffered damages, and as a result, damages were caused to other parts of the Vessel.

11.     The Vessel's main engine damage was caused by Defendants' improper repair operations, which constituted gross negligence on the part of Defendants' management, agents, and/or employees. Subsequently, the Vessel underwent additional repairs and its departure was delayed as a result.

12.     The main engine required more repairs during the rest of its voyage, which resulted in further losses.

13.     According to the insurance policy, Plaintiffs have indemnified the insured and subrogor, Schiffarht, in the amount of EUR 187,500.00 and has incurred related expenses in the amount of EUR 2,217.80, which together total EUR 189,717.80 (which converts to US$268,697.32, at the exchange rates published on October 15, 2007 in the Wall Street Journal, whereby 1 EUR = 1.4163 USD).

3

14.    Plaintiffs contacted defendant Goltens Shanghai and the head office of Golten companies in Germany many times following the incident.

15.    In response to Plaintiffs' inquiries, Goltens Marine replied to Plaintiffs stating that Golten entities would not be held liable for the incident which caused damages to the Vessel.

16.    On or about June 18, 2007, Plaintiffs submitted claims against Defendants in the Shanghai Maritime Court.  A true and correct copy of Plaintiffs claims against Defendants submitted to the Shanghai Maritime Court are attached  hereto as Exhibit 4.

17.    Pursuant to Section 10.1 of the Standard Conditions governing the Repair Contract, disputes arising in connection with the Repair Contract are governed by the law of the People's Republic of China.  Accordingly, Plaintiffs are not seeking security for costs and attorneys fees expending while prosecuting its claims to completion.

18.    Upon information and belief, it will take approximately three years for the Plaintiffs' claims against Defendants currently pending in the Shanghai Maritime Court to be prosecuted to completion.  Accordingly, Plaintiffs seek prejudgment interest on its underlying claim in the amount of US\$62,472.13 (US\$268,697.32 x 0.0775/year x 3 years).

19.    Based on the preceding, Plaintiffs total claim against Defendants is US\$331,169.45 (including interest).

20.    Defendants are not found within the Southern District of New York but do have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name (or names) of Goltens Shanghai Co., Ltd. and/or Shanghai Goltens Marine Machinery & Maintenance Co., Ltd. with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank,

N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Great Eastern Bank; Nara Bank; United Orient Bank; or any other financial institution within the Southern District of New York.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1.    That process in due form of law according to the practice of this Court in the form of a writ of maritime attachment be issued against bank accounts and other property of Goltens Shanghai Co., Ltd. and Shanghai Goltens Marine Machinery & Maintenance Co., Ltd. with the financial institutions noted above in paragraph 20;

2.    That Goltens Shanghai Co., Ltd. and Shanghai Goltens Marine Machinery & Maintenance Co., Ltd. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3.    That judgment be entered in favor of Allianz Global Corporate & Specialty AG f/k/a Allianz Marine and Aviation Versicherungs AG and Dex Serv Limited, and against Goltens Shanghai Co., Ltd. and Shanghai Goltens Marine Machinery & Maintenance Co., Ltd. in the amount of US$331,169.45; and,

4.    That this Court grant Allianz Global Corporate & Specialty AG f/k/a Allianz Marine and Aviation Versicherungs AG and Dex Serv Limited, such other and further relief which it may deem just and proper.

Dated: New York, New York
       October 16, 2007

HOLLAND & KNIGHT LLP

By: _____

Michael J. Frevola
Lissa D. Schaupp
195 Broadway
New York, NY 10007-3189
Tel:    (212) 513-3200
Fax:   (212) 385-9010

*Attorneys for Plaintiffs*
*Allianz Global Corporate & Specialty AG f/k/a*
*Allianz Marine and Aviation Versicherungs AG,*
*Dex Serv Limited*

## VERIFICATION

STATE OF NEW YORK          )

                               :ss.:

COUNTY OF NEW YORK        )

LISSA D. SCHAUPP, being duly sworn, deposes and says:

I am associated with the firm of Holland & Knight LLP, counsel for Allianz Global Corporate & Specialty AG f/k/a Allianz Marine and Aviation Versicherungs AG and Dex Serv Limited ("Plaintiffs"), plaintiffs in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Plaintiffs and corresponded with Plaintiffs' representatives regarding this matter. I am authorized by Plaintiffs to make this verification, and the reason for my making it as opposed to an officer or director of Plaintiffs is that there are none within the jurisdiction of this Honorable Court.

                                                Lissa D. Schaupp

Sworn to before me this
17th day of October, 2007

Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 4756675_v1

# EXHIBIT 1

# COOPER GAY

Junge & Co
Ballindamm 17
20095, Hamburg
Germany

Ref: AA114330Y

Date: 16th December 2004

## Marine Insurance Cover Note

In accordance with your instructions, we have effected the following insurance. Please carefully examine this document together with the attaching information presented to Insurers at the time of the placement. If the cover does not comply with your requirements or the information provided is materially inaccurate, please notify us immediately.

**TYPE:** Marine Hull Insurance.

**FORM:** CODEX 2001.

**ASSURED:** **DS SCHIFFAHRT GMBH, HAMBURG** as owners and/or managers and/or Subsidiary and/or Affiliated and/or Associated Companies and/or Bareboat Charterers and/or respectively to whom it may concern.

**VESSELS:** "CAPE BYRON" etc., as attached.
Including new and/or acquired and/or managed and/or chartered vessels as agreed by Insurers.

**PERIOD:** 12 months at 1st July 2004 German Time but vessels 10 and 11 to attach with effect from dates to be agreed by Insurers. Short periods at pro-rata premium.

**INTEREST:** Hull and Machinery etc. and everything connected therewith valued as attached as per Rule 1.2.1 c).

**HERETO:** 100%.

**TRADE:** No specific trading warranties as per CODEX 2001 wording.

**CONDITIONS:** As per CODEX 2001 wording. Parts 1, 2 and 3.
Deductible EUR 75,000 to apply to each particular average claim as per Rule 3.7.
Named Sworn German Average Adjusters: Schlimme & Partner GmbH or to be agreed by Insurers.
With reference to CODEX Rule 1.4.2, a sale or change of management of a vessel to another company or companies within the DS Group of companies shall not result in automatic termination of the insurance.
The second sentence of Rule 1.7.5 is deleted hereunder.
In Rule 1.7.9 the amount in the schedule is deemed to be EUR 50.

Document ID: London/478488.1

**COOPER GAY & CO LTD**
52 LEADENHALL STREET · LONDON EC3A 2EB *AND AT LLOYD'S*
——————— TEL: +44 (0) 20 7480 7322 · FAX: +44 (0) 20 7481 4695 ———————
REGISTERED OFFICE · REG NO 856973 ENGLAND
A MEMBER OF THE GENERAL INSURANCE STANDARDS COUNCIL



- Page 2 of 5 -

**Cover Note: AA114330Y**

| | |
|---|---|
| **CONDITIONS:** <br> **(continued)** | Absorption Limit referred to in Rule 3.5.5 is EUR 500,000 <br> Including the interpretation of CODEX Rules as per the attached letter. <br> With reference to Rule 3.8 Assureds have liberty to insure amounts as <br> required on Interests Policy Proof of Interest, Full Interest Admitted, <br> Without Benefit of Salvage without prejudice to this insurance. <br> Deferred payment of premium. <br> Interests of mortgagees at attached. <br> German Direct Mortgage Clause LSW 1189. <br> Cancelling Returns Only. <br> Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical <br> and Electromagnetic Weapons Exclusion Clause, CL 370, 10/11/2003. <br> Institute Cyber Attack Clause, CL 380, 10/11/2003 |
| **ANNUAL RATES:** | As attached. |
| **COMMISSION:** | 12.5%. |
| **EFFECTED WITH:** | 50.000%    Dex Serv Limited <br> 50.000%    Allianz Marine and Aviation Versicherungs AG <br> -------------- <br> 100.000%    of order hereon. |
| **WARRANTIES:** | If any warranties are shown on this Cover Note or cover summary please <br> make sure that you understand them and are able to follow their requirements <br> exactly. If not, please advise us immediately, as a breach of warranty may <br> enable the Underwriter to terminate the policy from the date of that breach, <br> and in some instances *ab initio*. This may be the position regardless of <br> whether there is any connection between the warranty breached and the loss <br> which leads to that breach becoming evident. |

For and on behalf of <br>
Cooper Gay & Co. Ltd.

Signature.............................    Signature.............................

Document ID: London/478488.1

- Page 3 of 5 -

Cover Note: AA114330Y

**D.S Schiffahrt GmbH, Hamburg as owners and/or managers**
Following various discussions and exchanges of faxes between ourselves and Junge, it has been suggested that we issue a letter to summarise our understandings on the interpretation of certain of the Codex rules. We trust the following assists:

Rule 1.3.3.c.

There is no intention within Codex to exclude "Nukila" type claims. This issue was raised with our lawyers who advised that Codex would respond for such claims. The risks/expenses covered under the Additional Perils Clause and the Liner Negligence Clause are intended to be included within the cover given within Codex.

Rule 1.4

Under Codex 2000, this clause contained various automatic termination provisions which were changed within Codex 2001. Within Codex 2001, the incidents triggering automatic termination have been reduced. The Assureds are insured on Codex 2001, and these clauses we believe are clear in their intention.

Rules 1.5 and 1.6

If the Insured is in breach of a duty under the Class or Flag State provisions of Rule 1.5; or the duty to repair defects etc. established during a Rule 1.6 survey; and there is a casualty whilst the Insured was in breach of such duty, then it is unlikely that Dex would seek to avoid the claim if the breach was not causative of the loss. We cannot categorically say that this would always be the case as such incidents are judged of course on their individual merits. Additionally the owner has the option of referring to the Advisory Council if not resolved amicably.

Rule 2.15

Dex are always prepared to consider payments on account either to Owners or direct to repairers and will, subject to usual policy adjustment, advance funds up to 100% of recoverable amounts. Final settlements of claims will be made soonest after availability of invoices, approval by Dex's Surveyor and adjustment, if required.

Rule 3.3.2

All legal or contractual liability for damages arising out of collision where such liability under towage, pilotage or shipyard/workshop contracts are covered whether within port limits or not provided that liability is assumed under contracts in accordance with local law or practice.

We trust that this clarifies the issues we have discussed in the past.

- Page 4 of 5 -

**Cover Note: AA114330Y**

### Mortgagees / Assured

| Vessel | Mortgagees | Assured |
|---|---|---|
| 1. "CAPE BYRON" | Hamburgische Landesbank, Girozentrale, Hamburg<br>Deutsche Schiffsbank Aktiengesellschaft, Hamburg und Bremen | DS-Rendite-Fonds Nr. 36 MS "CAPE BYRON" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>BB Cape Byron Shipping Company Ltd, Limassol/Cyprus, as Bareboat Charterer.<br>Messrs. Dragon Crewing Ltd., Limassol as crew manager. |
| 2. "CAPE BRETT" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 28 MS "CAPE BRETT" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Brett Navigation Company Limited, as Bareboat Charterer.<br>Messrs. Dragon Crewing Ltd., Limassol as crew manager. |
| 3. "P&O NEDLLOYD INCA" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 38 MS "CAPE HATTERAS" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Hatteras Shipping Limited, Cyprus as Bareboat Charterer.<br>Messrs. Dragon Crewing Ltd., Limassol as crew manager. |
| 4. "MOL BRASILIA" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 39 MS "CAPE HORN" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Augusta Shipping Corp., Monrovia / Liberia, as Bareboat Charterer.<br>Messrs. Dragon Crewing Ltd., Limassol as crew manager. |
| 5. "CAPE BONAVISTA" | Hamburgische Landesbank, Girozentrale, Hamburg<br>Deutsche Schiffsbank Aktiengesellschaft, Hamburg und Bremen | DS-Rendite-Fonds Nr. 27 MS "CAPE BONAVISTA" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Bonavista Shipping Co. Ltd. (Cyprus), as Bareboat Charterer.<br>Columbia Shipmanagement (Deutschland) GmbH, as Crew Manager. |
| 6. "CAPE SABLE" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 41 MS "CAPE SABLE" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Cape Sable Shipping Limited, Gibraltar, as Bareboat Charterer.<br>Columbia Shipmanagement Ltd., Limassol /Cyprus, as Crew Manager. |
| 7. "EAGLE EXCELLENCE" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 43 MS "EAGLE EXCELLENCE" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Cape Natal Shipping Limited, Monrovia/Liberia, as Bareboat Charterer.<br>Columbia Shipmanagement Ltd., Limassol /Cyprus, as Crew Manager. |
| 8. "MSC PERTH" | Hamburgische Landesbank, Girozentrale, Hamburg | DS-Rendite-Fonds Nr. 45 MS "CAPE RACE" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Jean Bosco Navigation Inc, Monrovia, as Bareboat Charterer.<br>Columbia Shipmanagement Ltd.(Deutschland) GmbH, as Crew Manager. |
| 9. "HONG KONG STAR" | Hamburgische Landesbank, Girozentrale, Hamburg<br>Deutsche Schiffsbank Aktiengesellschaft, Hamburg und Bremen | DS-Rendite-Fonds Nr. 47 MS "CAPE NORMAN" GmbH & Co. Containerschiff KG, Dortmund, as Owner.<br>Cape Norman Navigation Company, Ltd., Majuro, Marshall Islands, as Bareboat Charterer.<br>Columbia Shipmanagement Ltd. (Deutschland) GmbH, as Crew Manager. |

Document ID: London/478488.1

- Page 5 of 5 -

Cover Note: AA114330Y

## Vessel Schedule

| Vessel | Hull and Machinery value (EUR) | Hull and Machinery value (USD) | Annual Rate |
|---|---|---|---|
| 1. "CAPE BYRON" | 11,280,000 | | 0.4173% |
| 2. "CAPE BRETT" | 10,240,000 | | 0.4439% |
| 3. "P&O NEDLLOYD INCA" | | 15,350,000 | 0.3958% |
| 4. "MOL BRASILIA" | | 15,350,000 | 0.3958% |
| 5. "CAPE BONAVISTA" | 9,400,000 | | 0.4972% |
| 6. "CAPE SABLE" | 12,960,000 | | 0.4513% |
| 7. "EAGLE EXCELLENCE" | 16,030,000 | | 0.5528% |
| 8. "MSC PERTH" | 19,700,000 | | 0.7718% |
| 9. "HONG KONG STAR" | 17,400,000 | | 0.5372% |
| 10. "CAPE SPENCER" | 12,960,000 | | 0.4531% |
| 11. "CAPE SORRELL" | 12,960,000 | | 0.4531% |

# EXHIBIT 2



**Goltens**
Shanghai Co., Ltd

| To:  DS Schiffahrt GmbH | |
| --- | --- |
| Attn: Mr. John A. Aikenhead | From : ZhangWei/ Garrett |
| Fax No: +872-7623-99822 | Our Ref : E2251-add.1 |
| Your Ref : | Date : 27/05/05 |

| | |
| --- | --- |
| Vessel | M/V Cape Byron |
| Model | MAK |
| Subject | Inspection and overhaul of M/E fuel pump |

Thank you for your enquiry. We are pleased to offer our quotation as follows:

**AA.  Provide labour to assist O/B Chief Engineer to inspect and overhaul M/E Fuel Pump at Goltens' workshop**

<u>**USD 184.00/ per set**</u>

Our Working Hours:    Monday – Saturday from 0800 to 1700 hrs
For overtime and work on Sunday if applicable, shall be charge at USD 30 per man per hour for Engineer and USD 20 per man per hour for technician



Note:
1. All above quoted price exclude Shipyard Surcharge, which shall be applied accordingly to customer's account
2. All items / jobs not mentioned above if required shall be charged as additional
3. Any spares should be provided by owner, if by Goltens,should be charged at additional.
4. Transportion cost will be charged USD:65,00/per trip(Lifeng shipyard = G'workshop).

Terms of Payment        :    T/T within 30 days after invoice.

Terms of Business        :    As per Goltens Shanghai Co., Ltd standard terms & conditions (available on request).

Validity of Quotation    :    30 days from date of quotation.

Prices Quoted            :    US Dollars(exclusive of VAT). (If paid by RMB Currency, 17% Tax will be charged)

Survey fee               :    Classification survey, if required on the reconditioned or exchanged parts will be charged at extra costs.

2005  14:57    +4940306044291        DS-SCHIFFAHRT GMBH            S.    03



## Goltens
### Shanghai Co., Ltd

| To:  DS Schiffahrt GmbH | |
|---|---|
| Attn: Mr. John A. Aikenhead | From : ZhangWei/ Garrett |
| Fax No: +872-7623-99822 | Our Ref : E2251-add.1 |
| Your Ref : | Date : 27/05/05 |

We trust that our offer is acceptable to you & look forward to your favorable reply.

In case of order, please sign, stamp and return by fax copy of our quotation with your purchase order number for future reference.

Best Regards,                        Accepted & Confirmed By:        John A Aikenhead

                                     Company Stamp:

                                     Purchase order:

                                     Date                :          28/05/05

CAPE BYRON
CHIEF
OFFICER
LIMASSOL



# EXHIBIT 3



**Goltens Shanghai Co.,Ltd**
高尔登船舶工程有限公司
Block No.5 No 533 YuanZhong Road Nanhui Industrial Zone Shanghai
地址：上海市南汇工业园园中路 533 号 5 号厂房
**Tel: (86-21) 58186628  Fax: (86-21) 58186633**
**E-mail:  repair.shanghai@goltens.com**

## STANDARD CONDITIONS FOR DELIVERY AND REPAIRS

**1. Applicability of Conditions.**
All quotation, contracts and works of any kind undertaken by Goltens shall be subject to these Conditions. No amendment or alteration to these Conditions shall be valid unless confirmed by both parties in writing.

**2. Party liable for payment.**
Goltens shall hold the party which either orders the carrying out of any work or the party taking delivery (if the parties are different) as jointly and severally liable for all amounts due to Goltens for work undertaken by Goltens in accordance herewith.

**3. Quotations.**
Where Goltens has inspected the extent of the work to be undertaken, or the Customer has advised the precise scope of the work, quotations provided by Goltens will be on a lump sum basis when so expressly noted.
In all other cases, quotations will be approximate only. Unless otherwise expressly stated there in, all quotations shall be valid for only sixty (60) days, and will only be regarded as binding if both partied have confirmed the order in writing within such period.

However, expenses such as transport and accommodation will be quoted on an approximate basis and will be charged as incurred.

**4. Changes to contract.**
Any alteration to the work to be carried out by Goltens according to a contract, irrespective of whether such alteration is a result of the customer's instructions, or discrepancies between the actual situation and the information given by the customer shall be considered as additional work to which these Conditions will apply and subject to additional charges to be mutually agreed.

**5. Price**
5.1 Unless a specific price has been agreed upon by the parties in advance, the charges for work undertaken shall be on an invoice basis as calculated by Goltens in accordance with its current price list.

5.2 If a specific price has been agreed by the parties, any additional work undertaken

ALL BUSINESS SUBJECT TO OUR STANDARD TERMS AND CONDITION. COPY OF WHICH IS AVAILABLE UPON REQUEST



**Goltens Shanghai Co.,Ltd**
高尔登船舶工程有限公司
Block No.5 No 533 YuanZhong Road Nanhui Industrial Zone Shanghai
地址：上海市南汇工业园园中路 533 号 5 号厂房
**Tel: (86-21) 58186628  Fax:(86-21) 58186633**
**E-mail: repair.shanghai@goltens.com**

Shanghai

will be subject calculated in accordance with Goltens current price list.

5.3 In the event of work proving less than anticipated, Goltens will credit the customer with a corresponding amount of the agreed price. Any payment made by Goltens to subcontractors shall be charged to the customer at cost plus 20%.

5.4 In addition to the charges for work referred to in 5.1 and 5.2 above, Goltens will be entitled to charge the customer for time spent on packing, loading and transportation of tools and other equipment, as well as travel and waiting time for Goltens personnel. In addition, the customer will pay to Goltens all administrative costs incurred in connection with the carrying out by Goltens of the work agreed by the parties including but not limited to freight charges, travel and hotel accommodation costs and related daily allowance and expenses. Goltens charges for the costs referred to in this provision will be in accordance with Goltens current tariff.

5.5 Unless otherwise expressly stated, all prices quoted and / or agreed by Goltens for delivery of equipment, machinery, spare parts etc. are net prices exclusive of all taxes and duties delivered ex-Goltens workshop.

5.6 Used materials, replaced or exchanged parts and tools and equipment manufactured by Goltens for the carrying out of particular contract or any work will become the property of Goltens free of charge unless otherwise agreed.

## 6. Payment

6.1 While work is being carried out, Goltens shall, at its option be entitled to require the customer to make an on account payment not exceeding 75% of the amount agreed by the parties in respect in respect of cost referred to in sub-clauses 5.2 and 5.4 of these conditions.

6.2 Payment for work carried out or products delivered by Goltens together with costs and expenses, shall be made by the customer either in cash or certified cheque within thirty (30) days from the date of the invoice from Goltens and without any deduction whatsoever.

6.3 Goltens are entitled to have interest on all late payments of 1.5% per month, part of month to be considered as a whole month, and to have judicial costs and other costs for the collection of outstanding amounts remunerated by the customer.

**Goltens:** OSLO – ROTTERDAM - DUBAI - SINGAPORE - JAKARTA – SHANGHAI – NEW YORK – MIAMI – LOS ANGELES – MALAYSIA – WILMINGTON

ALL BUSINESS SUBJECT TO OUR STANDARD TERMS AND CONDITION. COPY OF WHICH IS AVAILABLE UPON REQUEST



**Goltens Shanghai Co.,Ltd**
高尔登船舶工程有限公司
Block No.5 No 533 YuanZhong Road Nanhui Industrial Zone Shanghai
地址：上海市南汇工业园园中路 533 号 5 号厂房
**Tel: (86-21) 58186628   Fax: (86-21) 58186633**
**E-mail: repair.shanghai@goltens.com**

Goltens

Shanghai

6.4 Comments or remarks which the customer might have with regard to the invoice presented by Goltens, must validly be made twenty one (21) days from receipt of the invoice otherwise the customer will be regarded as having agreed to the invoice.

6.5 All property being worked on or by Goltens shall remain the property of Goltens for as long as the customer has not effected full payment therefore.

6.6 Goltens have the right of retention of customer's property in Goltens workshop or otherwise in the possession of Goltens, until the customer has settled all Goltens claim in full.
Unless payment is made in accordance with these conditions, Goltens has the right to sell such property at its discretion in order to recover its claim.

Goltens has the right to sell goods repaired which have not been collected within one (1) year after the customer has been notified that the goods are ready for collection.

Goltens is entitled to charge for storage of goods which are not collected by the customer within a reasonable time namely not later than (1) month after Goltens has notified the customer that the goods shall be collected.

6.7 Goltens shall have the right to start proceedings to attach the property of the customer in order to secure payment of outstanding amounts.

**7. Supervision and Warranty**
7.1 All work carried out by Goltens is effected under the supervision and responsibility of the customer.

7.2 The customer undertakes to give Goltens all necessary assistance for the carrying out the contractual work.

7.3 Goltens warrants that skilled men and first class equipment will be used for the contract work.

7.4 Goltens will give the customer a three (3) month's guarantee on machinery, equipment, spare parts, etc. delivered by Goltens, covering only defects arising out of bad workmanship or use of faulty material in the products delivered.



**Goltens Shanghai Co.,Ltd**
高尔登船舶工程有限公司
Block No.5 No 533 YuanZhong Road Nanhui Industrial Zone Shanghai
地址：上海市南汇工业园园中路 533 号 5 号厂房
**Tel: (86-21) 58186628   Fax: (86-21) 58186633**
**E-mail: repair.shanghai@goltens.com**

Goltens liability under this guarantee is limited to an obligation, at Goltens discretion, to repair the defective part of the products supplied or to supply the customer with a faultless part.

## 8. Liability

8.1 Goltens is not liable for any claim, loss, expenses or damage direct or indirect howsoever arising in connection with the work carried out, unless such damage can be proved to be the result of gross negligence by the management of Goltens or any of its agents or employees.

8.2 If Goltens should be found to be liable for any damage upon gross negligence being proved, this liability shall be limited to actual damage only, and shall not include consequential damage.

8.3 If Goltens is found liable for damage in connection with execution of a contract as against third parties against whom Goltens cannot invoke these Conditions, the customer undertakes to indemnify and hold harmless Goltens in respect of all liability including products liability to third parties.

8.4 Goltens shall not be liable for any damage arising from force majeure, understood as all Circumstances beyond the control of Goltens irrespective of whether the circumstances were foreseeable or not, which prevent, permanently or temporarily, the successful fulfillment of the contract, including but not limited to-strikes, lock-outs, war, want of transportation facilities and failure by subcontractors.

8.5 The customer shall notify Goltens immediately upon knowledge thereof, in writing, of any and all damage allegedly caused by Goltens and any claim which relates thereto, must be presented to Goltens in writing, not later than one month from the date the contractual work was terminated or should have been terminated.
If the customer fails to comply with the above mentioned, Goltens shall be relieved from all liability.

## 9. Cancellation

9.1 In case the customer cancels a contract, Goltens is entitled to debit the customer for the time spent and cost incurred.

9.2 In case the execution of the contractual work has been hindered by force majeure, as specified in Clause 8.4 above, for more than two (2) weeks, either of the parties is

ALL BUSINESS SUBJECT TO OUR STANDARD TERMS AND CONDITION. COPY OF WHICH IS AVAILABLE UPON REQUEST



**Goltens Shanghai Co.,Ltd**
高尔登船舶工程有限公司
Block No.5 No 533 YuanZhong Road Nanhui Industrial Zone Shanghai
地址：上海市南汇工业园园中路 533 号 5 号厂房
**Tel: (86-21) 58186628  Fax: (86-21) 58186633**
**E-mail:  repair.shanghai@goltens.com**

entitled to cancel the contract. In case of cancellation for such reasons, neither of the parties shall be entitled to damages, but Goltens shall always have the right to compensation, as mentioned under Clause 9.1 above.

**10. Applicable Law and Jurisdiction**

10.1 These conditions shall be governed by the law for the time being in force in the People's Republic of China.

10.2 The civil court of Shanghai shall have jurisdiction to hear all disputes arising hereunder.

**THE END**

ALL BUSINESS SUBJECT TO OUR STANDARD TERMS AND CONDITION. COPY OF WHICH IS AVAILABLE UPON REQUEST

# EXHIBIT 4

# 起诉状
## Statement of Claims

原告 DEX 保险公司

**Claimant:** Dex Serv Limited

法定代表人 皮特・菲利普，安德鲁・莱特

**Legal Representative**: Peter Philip, Andrew Wright

地址 伦敦 Creechurch 街 26 号国际大厦，EC3A 5BA

**Address:** International House, 26 Creechurch Lane, London EC3A 5BA

被告一上海高尔登船舶机械配件有限公司

地址上海市卢湾区复兴中路 1 号申能国际大厦 7 楼 07B 室

**Defendant 1**: Shanghai Goltens Marine Machinery & Maintenance Co., Ltd.

**Address**: Room 07B, 7th Floor, Shenergy International Building, No.1 Fuxing Road (Middle), Lv Wan District, Shanghai

被告二高尔登船舶工程（上海）有限公司

地址上海市南汇工业园区园中路 533 号 5 号厂房

**Defendant 2**: Goltens Shanghai Co., Ltd.

**Address**: Block No.5, No. 533 Yuan Zhong Road, Nanhui Industrial Zone, Shanghai

请求事项请求贵院判令二被告 1、赔偿原告损失 187,500.00 欧元；2、赔偿相关费用 2,217.80 欧元；3、支付前述款项利息。

**Claims:** We hereby apply to your honourable court for a judgment ruling that the two Defendants should:

1. compensate the claimant for their losses in the amount of EUR187,500.00;
2. compensate the claimant for the relevant expenses incurred in the amount of EUR2,217.80; and
3. pay for the interest accrued on the amounts mentioned above.

事实和理由/ **Facts and Reasons:**

原告系 CAPE BYRON 轮船舶保险人。2005 年 6 月，在被告二对停泊在上海港的 CAPE BYRON 轮主机进行检验和修理后的试车试验中，船舶主机发生损坏并导致船舶其他部分受损。现已查明主机损坏系因被告二修理不当引起。CAPE BYRON 轮随后进行了部分修理并延期开航。CAPE BYRON 轮在此后的航程中并因此次主机受损事件进行了多次修理，并产生了进一步的损失。该次主机受损事件后，原告多次与

被告二及其上级公司高尔登集团德国总部联系。此后被告一在对原告
的回复中声称高尔登公司不对此次主机受损事件负责。

The Claimant is the insurer of M.V. "CAPE BYRON".    In June 2005, the Defendant
2 carried out inspection and engine trial after overhauling work to the main engine of
M.V. "CAPE BYRON" in Shanghai, during which the main engine of the vessel
suffered damages and as a result, damages were also caused to other parts of the
vessel.    It has now been proved that the main engine damage occurred as a result of
the Defendant 2's improper repair operation.    Subsequently,    M.V. "CAPE
BYRON" undertook some repairs and the departure was delayed accordingly.    Due
to the main engine damage, M.V. "CAPE BYRON" had to carry out a few more
repairs during the rest of the voyage, which incurred further losses.    The Claimant
contacted the Defendant 2 and its superior company, i.e. the head office of Golten
companies in Germany, many time following the incident.    Consequently, the
Defendant 1 replied to the Claimant and stated that Golten companies shall not be
liable for this indicent in respect of the main damages.

原告基于保险合同已赔付 187,500.00 欧元并支付了相关费用
2,217.80 欧元，原告并已受让损失追偿权益。

According to the insurance policy, the Claimant has indemnified the assured in the
amount of EUR187,500.00 and has also incurred relevant expenses in the amount of
EUR2,217.80.    The right to claim losses has been subrogated to the Claimant.

原告认为，二被告应就上述可归责于其的相关损失及费用承担赔
偿责任。原告现据相关法律规定诉至贵院，望予受理并判如所请。

The Claimant is of the view that the Defendants shall be liable for the losses and
expenses mentioned above.    The Claimant hereby submits the claims to your
honourable court in accordance with the relevant laws and would be grateful if your
honourable court could accept this case and issue a judgment accordingly.

此致
上海海事法院
**To: Shanghai Maritime Court**

具状人 DEX 保险公司
**Claimant: Dex Serv Limited**

二 OO 七年六月十四日
14 June 2007

本件以中文文本为准

2

The Chinese version of this Statement of Claims shall prevail.

# 起诉状
## Statement of Claims

原告安联保险公司（曾用名 Allianz Marine and Aviation Versicherungs AG）

**Claimant:** Allianz Global Corporate & Specialty AG (formerly known as Allianz Marine and Aviation Versicherungs AG)

法定代表人 马丁·汉森，安德鲁·西姆

**Legal Representative:** Martin Henson and Andrew Sims

地址 德国慕尼黑 Koniginstrasse 28 号，80802

**Address:** Koniginstrasse 28, 80802 Munich, Germany

被告一上海高尔登船舶机械配件有限公司

地址上海市卢湾区复兴中路 1 号申能国际大厦 7 楼 07B 室

**Defendant 1:** Shanghai Goltens Marine Machinery & Maintenance Co., Ltd.

**Address:** Room 07B, 7th Floor, Shenergy International Building, No.1 Fuxing Road (Middle), Lv Wan District, Shanghai

被告二高尔登船舶工程（上海）有限公司

地址上海市南汇工业园区园中路 533 号 5 号厂房

**Defendant 2:** Goltens Shanghai Co., Ltd.

**Address:** Block No.5, No. 533 Yuan Zhong Road, Nanhui Industrial Zone, Shanghai

请求事项请求贵院判令二被告 1、赔偿原告损失 187,500.00 欧元；2、赔偿相关费用 2,217.80 欧元；3、支付前述款项利息。

**Claims:** We hereby apply to your honourable court for a judgment ruling that the two Defendants should:

1. compensate the claimant for their losses in the amount of EUR187,500.00;
2. compensate the claimant for the relevant expenses incurred in the amount of EUR2,217.80; and
3. pay for the interest accrued on the amounts mentioned above.

事实和理由/ **Facts and Reasons:**

原告系 CAPE BYRON 轮船舶保险人。2005 年 6 月，在被告二对停泊在上海港的 CAPE BYRON 轮主机进行检验和修理后的试车试验中，船舶主机发生损坏并导致船舶其他部分受损。现已查明主机损坏系因被告二修理不当引起。CAPE BYRON 轮随后进行了部分修理并延期开航。CAPE BYRON 轮在此后的航程中并因此次主机受损事件进行了多

次修理，并产生了进一步的损失。该次主机受损事件后，原告多次与
被告二及其上级公司高尔登集团德国总部联系。此后被告一在对原告
的回复中声称高尔登公司不对此次主机受损事件负责。

The Claimant is the insurer of M.V. "CAPE BYRON".   In June 2005, the Defendant
2 carried out inspection and engine trial after overhauling work to the main engine of
M.V. "CAPE BYRON" in Shanghai, during which the main engine of the vessel
suffered damages and as a result, damages were also caused to other parts of the
vessel.   It has now been proved that the main engine damage occurred as a result of
the Defendant 2's improper repair operation.    Subsequently,    M.V. "CAPE
BYRON" undertook some repairs and the departure was delayed accordingly.   Due
to the main engine damage, M.V. "CAPE BYRON" had to carry out a few more
repairs during the rest of the voyage, which incurred further losses.   The Claimant
contacted the Defendant 2 and its superior company, i.e. the head office of Golten
companies in Germany, many time following the incident.    Consequently, the
Defendant 1 replied to the Claimant and stated that Golten companies shall not be
liable for this indicent in respect of the main damages.

原告基于保险合同已赔付 187,500.00 欧元并支付了相关费用
2,217.80 欧元，原告并已受让损失追偿权益。

According to the insurance policy, the Claimant has indemnified the assured in the
amount of EUR187,500.00 and has also incurred relevant expenses in the amount of
EUR2,217.80.   The right to claim losses has been subrogated to the Claimant.

原告认为，二被告应就上述可归责于其的相关损失及费用承担赔
偿责任。原告现据相关法律规定诉至贵院，望予受理并判如所请。

The Claimant is of the view that the Defendants shall be liable for the losses and
expenses mentioned above.   The Claimant hereby submits the claims to your
honourable court in accordance with the relevant laws and would be grateful if your
honourable court could accept this case and issue a judgment accordingly.

此致
上海海事法院
**To: Shanghai Maritime Court**

具状人安联保险公司
**Claimant:** Allianz Global Corporate & Specialty AG
二OO七年六月十八日
18 June 2007

本件以中文文本为准
The Chinese version of this Statement of Claims shall prevail.

2